## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**REV. ERROL VICTOR SR.**                                            **CIVIL ACTION**

**VERSUS**                                                                       **NO.  13-6380**

**WARDEN JOYCE JACKSON, TPSO**                       **SECTION "J"(2)**
**WARDEN JIMMY OUBRE, ST. JOHN**


### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the petition, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

## I.  FACTUAL BACKGROUND

At the time he filed this petition, Errol Victor Sr. was a pretrial detainee housed in the Tangipahoa Parish Jail in Amite, Louisiana.  The record reflects that Victor and his wife, Tonya O. Victor, were indicted in April 1, 2008, in St. John the Baptist Parish and charged with the murder of Ms. Victor's seven-year old son, MLL, while engaged in cruelty to a juvenile.[2]  The original indictment was quashed because a member of the grand jury panel was employed by the St. John the Baptist Sheriff's Office.[3]  The two co-defendants were thereafter indicted again on April 12, 2010, by a new grand jury and charged with the murder of MLL while engaged in cruelty to a juvenile.[4]

The Victors were released on bail, but they failed to appear for a scheduled trial on August 16 and 17, 2011.[5] As a result, they were charged with jumping bail in a separate bill of information in St. John the Baptist Parish Case No. 2012-CR-249.  The latter case is not addressed in Victor's federal habeas corpus petition.  On August 1, 2014, a jury in the state trial court found Errol Victor guilty of second degree murder and

---

[2]St. Rec. Vol. 2 of 6, Minute Entry (2008-CR-0165), 4/15/08.

[3]St. Rec. Vol. 1 of 6, Trial Court Judgment, 2/5/10;  St. Rec. Vol. 2 of 6, Notice of Dismissal (2008-CR-0165), 4/6/10;  see St. Rec. Vol. 4 of 6, Trial Court Judgment, 9/18/13.

[4]St. Rec. Vol. 1 of 6, Trial Court Judgment, 2/5/10; Indictment, 4/12/10.

[5]St. Rec. Vol. 4 of 6, Minute Entry, 8/16/11; Minute Entry, 8/17/11.

Tonya Victor guilty of manslaughter in connection with MLL's death, and they are now awaiting sentencing.[6]

## II.   FEDERAL HABEAS PETITION

In his current petition for federal habeas corpus relief, Victor has asserted the following claims related to the murder charge:[7] (1) He has been charged by a defective indictment issued by an improper grand jury. (2) He is being held without a bond or under excessive bail. (3) He was being illegally held in the Tangipahoa Jail when he is innocent. (4) His right to a speedy trial has been violated by the state trial court's refusal to allow him to represent himself. (5) He is being held without a showing of probable cause. (6) He was arrested without a warrant or by a defective warrant. (7) He has been forced to have counsel represent him without a hearing to show cause why he should not be allowed to represent himself. (8) He has been denied access to the state trial court on his own behalf.

The State filed a memorandum in opposition to Victor's petition alleging that he has failed to exhaust available state court remedies.[8]  In his response to the State's opposition memorandum, Victor contends that the State has minimized the depth and length of the illegal restraint on his liberty and has pursued the prosecution against him beyond legal

---

[6]This information was obtained by my staff from the clerk of court in St. John the Baptist Parish and from newspaper reports.

[7]Rec. Doc. No. 1. Although he references his wife, Tonya Victor, in his pleadings, she is not a party to this petition and presented her similar claims in Civ. Action 14-1229 "S"(3).

[8]Rec. Doc. No. 5.

limits.[9]  He contends that the State has exhausted its authority to continue the prosecution of the current indictment and federal intervention is required.

III.    NATURE OF THE CURRENT PETITION

Victor has presented his claims on a form provided to him by the clerk of court for filing habeas corpus petitions under 28 U.S.C. § 2254.  However, given his assertion of a right to a speedy trial and other pretrial relief, "the issue here is whether habeas corpus is warranted under § 2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding."  Braden v. Jud. Cir. Ct. of Ky., 410 U.S. 484, 503-04 (1973).  Thus, it is appropriate for this court to consider Victor's petition under the rules applicable to pretrial petitions brought pursuant to Section 2241.  Because the record reflects that Victor's request to have his charges dismissed because of speedy trial and other alleged violations of his pretrial rights has not been exhausted in the state courts, his claims must be dismissed without prejudice.

IV.    RELIEF NOT AVAILABLE

Victor asserts a claim of speedy trial violation resulting from the state trial court's appointment of counsel and denial of his right to represent himself, along with other violations related to his pretrial detention, including the alleged invalidity of the indictment, excessive bail and lack of probable cause to arrest and detain him.  He seeks his release from custody and dismissal of the charges against him.  Although some of

---

[9]Rec. Doc. No. 7.

these claims have been mooted by his recently-completed jury trial, his petition must be addressed in the context of its filing.

It is well settled that federal habeas corpus relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial." Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) (quoting Braden, 410 U.S. at 489-92 and citing Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). The relief Victor seeks, release and dismissal of the charges, is not an available remedy for a speedy trial challenge in a federal habeas corpus petition. His petition at least in part seeks relief which cannot be granted by this court.

## V.   EXHAUSTION OF STATE COURT REMEDIES

To the extent Victor seeks appropriate habeas relief, he has failed to exhaust his state court remedies. Although there is no express exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. Dickerson, 816 F.2d at 225; Edge v. Stalder, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden, 410 U.S. at 489-92. The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds to protect

the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). In a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975). In this case, no such circumstances exist. Thus, to have exhausted his claims in the state courts, Victor must have fairly presented all of the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner.

The record reflects that Victor has filed numerous applications in the Louisiana Fifth Circuit challenging dozens of rulings by the state trial court. He has filed only four applications in the Louisiana Supreme Court, each of which sought stays of the proceedings in connection with his pending bail jumping charges, not the second degree murder proceedings.[10] As indicated in the respective opinions, the Louisiana Supreme

---

[10] A member of my staff obtained copies of the writ applications and relevant supplemental pleadings from the clerk of the Louisiana Supreme Court, and they have been separately filed into the record. La. S. Ct. Writ Applications, 2013-OK-0408; La. S. Ct. Writ Application, 2013-OK-0799; La. S. Ct. Writ Application, 2013-OK-0918; 2013-OK-1098.

Court addressed these writ applications in connection with trial court number 2012-CR-249 in which Victor and his wife were charged with jumping bail.[11]  The relevant writ applications are summarized as follows.

In Louisiana Supreme Court Case No. 13-OK-408 (not associated with a circuit court ruling), the Victors sought a writ of mandamus and stay of proceedings from the Louisiana Supreme Court to compel the trial court to conduct a hearing and recuse all judges from his criminal prosecution.  The Victors supplemented the writ application with a motion for injunction to stay the proceedings, complaining that they were extradited without a warrant to answer charges in a defective indictment.  The Louisiana Supreme Court did not address the claims, and instead transferred this application to the Louisiana Fifth Circuit on March 15, 2013, for that court's consideration.[12]

The case was considered in Louisiana Fifth Circuit Case No. 13-K-271, and denied on procedural grounds.  Citing La. App. Rules 4-2, 4-3, 4-4(B) and 4-4(C), the court denied the application on April 11, 2013, the appellate court held that the Victors' failed to attach any judgment or order being challenged and did not indicate whether the claims had been first presented to the district court.

---

[11]See the opinion preamble in each case.  State ex rel. Victor v. State, 109 So.3d 371 (La. 2013) (2013-OK-0408); State ex rel. Victor v. State, 113 So.3d 217 (La. 2013) (2013-OK-0799); State ex rel. Victor v. State, 117 So.3d 918 (La. 2013) (2013-OK-0918); State ex rel. Victor v. State, 118 So.3d 423 (La. 2013) (2013-OK-1098).

[12]State ex rel. Victor v. State, 109 So.3d 371 (La. 2013) (2013-OK-0408).

The Victors thereafter filed two Louisiana Supreme Court writ applications, Case Nos. 13-OK-799 and 13-OK-918, addressed in connection with the Louisiana Fifth Circuit's ruling in No. 13-K-271.  In Case No. 13-OK-799, the Victors declared their refusal to appear for any proceedings before the 40th Judicial District Court. The Louisiana Supreme Court denied the application without stated reasons on May 3, 2013.[13]

In the second, Case No. 13-OK-918, the Victors moved the court to stay the proceedings against them to allow them time to establish that their pretrial detention was unlawful because of an invalid indictment, excessive bail, speedy trial violation, and lack of probable cause to arrest and detain them.  The Louisiana Supreme Court denied the application without stated reasons on May 17, 2013.[14]

Finally, in Louisiana Supreme Court Case No. 13-OK-1098 (not associated with a circuit court ruling), the Victors argued that the state trial court erred in denying their motions to recuse the judges of the 40th Judicial District Court and the subsequent denials of the requests to stay the proceedings.  The Louisiana Supreme Court denied the application without stated reasons on June 21, 2013.[15]

As outlined above, these Louisiana Supreme Court applications sought injunctive relief in the form of a stay of the prosecution and recusal of all judges of the state trial

---

[13]State ex rel. Victor v. State, 113 So.3d 217 (La. 2013) (2013-OK-0799).

[14]State ex rel. Victor v. State, 117 So.3d 918 (La. 2013) (2013-OK-0918).

[15]State ex rel. Victor v. State, 118 So.3d 423 (La. 2013) (2013-OK-1098).

court in connection with criminal case number 2012-CR-249, the bail-jumping charge. In the instant federal petition, Victor challenges the second degree murder proceedings in 2010-CR-172, in which he has now been convicted but awaits sentencing.  The state court records do not reflect that Victor has presented any claims to the Louisiana Supreme Court in connection with his second degree murder case.

While Victor may have mentioned several of his claims in support of his stay request in Louisiana Supreme Court Writ Application No. 13-OK-918, I am not convinced by the record before me that Victor presented the claims for substantive review in the Louisiana Supreme Court (or any state court) or in a writ application associated with his second degree murder case. Victor has not given the Louisiana Supreme Court a fair opportunity to consider the merits of the claims presented to this federal court.  In addition, he has now been convicted in state court proceedings that have mooted several of his claims, including for example his lack of probable cause and self-representation arguments.  State procedure now affords him the full panoply of direct appeal and post-conviction rights, through which he must fully exhaust his state remedies at every state court level, through the Louisiana Supreme Court, before he may pursue federal habeas corpus relief in this court.  For all of these reasons, Victor's petition should be dismissed without prejudice for failure to exhaust state court remedies.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Victor's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[16]

New Orleans, Louisiana, this _____4th_____ day of August, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[16]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.